# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-cv-00749-LJO-SKO PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>(Doc. 1) |

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. Plaintiff is suing under Section 1983 for the violation of his rights under the Eighth Amendment.[1] Plaintiff names unknown Medical Staff at CSATF, unknown Chief Medical Officer, and unknown Pharmacy Staff as defendants.

I. **Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff initially brought suit under the Eighteenth Amendment in his complaint. Plaintiff filed a Notice of Mistake in the Original Complaint on 06/03/2009 with the Clerk of the U.S. District Court. Plaintiff indicated that he had made a typographical error and intended to bring suit for a violation of his Eighth Amendment rights.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Factual Background**

Plaintiff alleges that he has Glaucoma and that medical staff have been aware of his condition since 1998. Plaintiff was prescribed eye drops ("Xalatan" and "Timilol"). On several occasions, Plaintiff did not receive his medications/eye drops and made numerous requests for refills. Plaintiff's requests often went unanswered. Plaintiff alleges that prison staff were aware of rising pressure in Plaintiff's left eye. At some point, prison staff reduced the strength of Plaintiff's Timilol medication to half-strength.

Plaintiff alleges that the pressure in his left eye continued to rise, causing a gradual loss of vision. Plaintiff saw Dr. Salmi, who referred him to undergo outside urgent opthamology

consultations on several occasions during 2006 but these consultations never occurred. In September 2006, Plaintiff experienced eighty percent vision loss in his left eye and underwent an emergency opthamology exam with Dr. Yaplee. Dr. Yaplee informed Plaintiff that the high pressure in Plaintiff's eye caused nerved damage. Dr. Yaplee further concluded that if Plaintiff had properly used medication on a regular basis, the pressure would not have increased and the nerve damage would never have occurred.

Dr. Yaplee prescribed Xalatan and Timilol and ordered a laser procedure, which was not scheduled until November 14, 2008.[2] Plaintiff brings suit for monetary damages.

### III. Discussion

#### A. Claim for Violation of the Eighth Amendment

The Eighth Amendment protects the "physical, dental, and mental health" of inmates. Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. (Id., quoting Wilson, 501 U.S. at 302-303.)

Deliberate indifference to a prisoner's serious illness or injury creates a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The delay of, or interference with medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v.

---

[2] Plaintiff does not specify whether this is the date the laser surgery was scheduled to occur or whether it took until this date for the parties to agree to and set a surgery date.

3

McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). However, where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See* Hallett, 296 F.3d at 745-46; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

The retention of a person's eyesight could be considered a "measure of life's necessities." Plaintiff's medical needs went unanswered despite repeated requests for medication refills and several recommendations by Dr. Salmi that Plaintiff undergo urgent opthamology consults. Further, the delay of medical treatment led to significant injury because Plaintiff suffered nerve damage and vision loss. Plaintiff's factual allegations may be sufficient to support a claim for violation of the Eighth Amendment. However, Plaintiff fails to link his claim to any of the Defendants and Plaintiff fails to allege facts that demonstrate Defendants had actual knowledge of a serious risk to Plaintiff's health. *See* discussion infra III.B

### B.   Linkage Requirement

Section 1983 states: "Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United State ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

To establish a prima facie case under Section 1983, Plaintiff must demonstrate proof that (1) the action occurred "under color of law" and (2) the action resulted in a deprivation of a constitutional right or federal statutory right. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000). A person deprives another of a constitutional right, within the meaning of Section 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which the complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by

setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Sanders v. City & County of San Francisco, 226 Fed. Appx. 687, 691 (9th Cir. 2007) (quoting Johnson at 743-44).

Plaintiff makes no allegations linking specific actions or omissions by specific Defendants to a deprivation of Plaintiff's rights. Plaintiff's complaint generally describes negligence on the part of Medical and Pharmacy Staff. The courts have "distinguished 'deliberate indifference to serious medical needs of prisoners' from 'negligen[ce] in diagnosing or treating a medical condition,' holding that only the former violates the Clause. Eighth Amendment liability requires 'more than ordinary lack of due care for a prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (internal quotations omitted). Further, Plaintiff names the Chief Medical Officer as a Defendant but does not mention this Defendant in any of the factual allegations in his complaint.

Plaintiff's current factual allegations fail to state a claim against Defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint. If Plaintiff wishes to pursue a claim against any Defendant, Plaintiff must identify each individual Defendant and describe what each individual Defendant did that caused Plaintiff's injury. Plaintiff must also describe how each individual Defendant had actual knowledge that their failure to act would cause serious injury to Plaintiff.

## IV.    Conclusion and Order

Plaintiff's complaint fails to state a plausible claim for relief under Section 1983 for violation of his rights under the Eighth Amendment. Plaintiff's complaint is vague with respect to how the Defendants caused Plaintiff's injuries. Plaintiff may be able to remedy his claims through amendment.

Plaintiff's complaint will be dismissed, with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). If Plaintiff decides to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's

1  constitutional or other federal rights: "The inquiry into causation must be individualized and focus
2  on the duties and responsibilities of each individual defendant whose acts or omissions are alleged
3  to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
4  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.
5  10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other
6  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
7  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

8  However, although Plaintiff's factual allegations will be accepted as true and that "the
9  pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
10 must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible
11 on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable
13 inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at
14 556).

15 Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
16 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
17 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
18 pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original
19 complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing
20 to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at
21 1474.  In other words, even the claims that were properly stated in the original complaint must be
22 completely stated again in the amended complaint.

23 Based on the foregoing, it is HEREBY ORDERED that:
24 1. Plaintiff's complaint is dismissed for failing to state any claims upon which relief
25    might be granted;
26 2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
27 3. Plaintiff shall be given leave to file an amended complaint within **thirty (30) days**
28    from the date of service of this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:     June 28, 2010                            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE