# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ANTHONY CRAIG HUCKABEE,

          Plaintiff,

    v.

MEDICAL STAFF at CSATF, et al.,

          Defendants.

_____/

CASE NO. 1:09-cv-00749-LJO-SMS PC

ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS

(ECF No. 15)

SIXTY-DAY DEADLINE

## I.   Screening Requirement

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the First Amended Complaint, filed July 27, 2010.  (ECF No. 15.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555

2  (2007)).

3         Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires

5  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

6  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that]

7  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

9  Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

11  S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

13  **II.    Complaint Allegations**

14        Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

15  is incarcerated at the California Substance Abuse and Treatment Facility in Corcoran. Plaintiff has

16  open angle glaucoma and has been prescribed eye drops to treat the condition since 1998.

17        On July 30, 2003, Defendant Gonzales wrote a referral for ophthalmology that was denied

18  by Defendant Bhatt. On October 8, 2003, Defendant Garcia wrote a referral that was denied by

19  Defendant Bhatt. On August 4, 2004, Plaintiff requested an ophthalmology referral, and Defendant

20  Wu denied the request but referred Plaintiff to optometry.   In October 2004, Defendants Bhatt and

21  Wu denied Plaintiff's request for an ophthalmology consultation. First Amended Compl. 3, ECF

22  No. 21.[1])

23        On April 27, 2005, with the knowledge that pressure was increasing in Plaintiff's eye,

24  Defendant Wu prescribed eye drops that were half the strength of the prior medication. (Id.)

25  Plaintiff submitted prescription renewal requests to Defendants Jeffreys and Jiminez, and his

26  medication was not renewed. Plaintiff submitted a grievance due to the failure to renew his

27  _____

28        [1]All references to pagination of specific documents pertain to those as indicated on the upper right corners
via the CM/ECF electronic court docketing system.

1  medication on July 21, 2005.  (Id. at 21-22.)  Plaintiff was without his medication for three months.

2  When Plaintiff's eyes were examined on February 7, 2006, it was discovered the pressure in his left

3  eye had increased.  Defendants Wu and McGuinnness denied the request for a referral to

4  ophthalmology. On February 28, 2006, Plaintiff appealed Defendant Nguyen's treatment of Plaintiff

5  and Defendant Nguyen's refusal to refer Plaintiff to ophthalmology.  (Id. at 22.)

6         On May 22, 2006, Plaintiff's vision had changed, and Defendant McGuinness denied an

7  ophthalmology referral.  On May 25, July 27, and August 18, 2006, Plaintiff was seen by Dr. Salmi

8  who referred him for an urgent ophthalmology consult.  Defendant McGuinness denied the referrals.

9  (Id.)

10        In September 2006, Plaintiff lost vision in his left eye.  On September 15, 2006, Plaintiff was

11 taken for an emergency exam and was seen by Defendant Yaplee who prescribed eye drops and

12 recommended a laser procedure.  (Id. at 4, 22.)  After treatment by Defendant Yaplee, Plaintiff's

13 pressure began to drop.  On November 14, 2008, Defendant Yaplee performed laser surgery on

14 Plaintiff and there was no beneficial effect.  On March 29, 2010, Defendant Rachid performed

15 surgery on Plaintiff and there was no beneficial effect.  (Id. at 23.)  Following the surgery, Plaintiff

16 had headaches, nausea and irritation to the eye.  (Id. at 24.)

17        Plaintiff brings this action naming 41 defendants and 100 Does claiming deliberate

18 indifference to his medical needs in violation of the Eighth Amendment and is seeking compensatory

19 and punitive damages.  Plaintiff alleges that, due to the failure to treat and delay in treating his

20 glaucoma, he suffers from blindness, headaches and constant eye irritation.

21        For the reasons set forth below, the complaint states a cognizable claim against Defendants

22 Wu and McGuinness for deliberate indifference in violation of the Eighth Amendment but fails to

23 state a cognizable claim for relief against any other defendant.  Plaintiff shall be given the

24 opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

25 **III.   Discussion**

26        **A.    Deliberate Indifference**

27        Liability under section 1983 exists where a defendant "acting under the color of law"  has

28 deprived the plaintiff "of a right secured by the Constitution or laws of the United States."  Jensen

1  v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  "[T]o maintain an Eighth Amendment claim

2  based on prison medical treatment, an inmate must show "deliberate indifference to serious medical

3  needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S.

4  97, 104 (1976)).

5      Deliberate indifference is shown where the official is aware of a serious medical need and

6  fails to adequately respond.  Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir.

7  2010).  "Deliberate indifference is a high legal standard."  Simmons, 609 F.3d at; Toguchi v. Chung,

8  391 F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could

9  make an inference that "a substantial risk of serious harm exists" and he must make the inference.

10 Farmer v. Brennan, 511 U.S. 825, 837 (1994).

11     Plaintiff's allegations are sufficient to state a claim against Defendants Wu and McGuinness

12 for deliberate indifference to Plaintiff's serious medical needs, however they fail to state a claim

13 against any other named defendant.  Plaintiff's claims that he was denied an ophthalmology referral

14 during 2003 though 2004 fail to state a cognizable claim.  The facts as alleged merely demonstrate

15 a difference of opinion between medical providers regarding treatment that does not amount to

16 deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), or a difference of

17 opinion between a prisoner and prison medical authorities as to proper treatment that does not give

18 rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981); Mayfield v. Craven, 433

19 F.2d 873, 874 (9th Cir. 1970).

20     Plaintiff's allegations that he submitted a grievance against Defendant Nguyen for treatment

21 fails to show that Defendant Nguyen was aware of a serious medical need or even that Defendant

22 Huang treated Plaintiff during the relevant time period.  Additionally, Plaintiff has named

23 Defendants Salmi, Yaplee and Rachid, physicians who provided treatment during the relevant time

24 period.  To the extent that Plaintiff did not receive the desired results he has failed to state a

25 cognizable claim.  An allegation by a prisoner that a physician has been merely indifferent or

26 negligent or has committed medical malpractice in diagnosing or treating a medical condition does

27 not state a constitutional claim.  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.

28 1980); Toguchi, 391 F.3d at 1057.  "Medical malpractice does not become a constitutional violation

4

1   merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

2        Although Plaintiff alleges that he submitted a request for medication to Defendants Jeffreys

3   and Jiminez and spoke with them about his medication, there are no allegations to indicate that

4   Defendants Jeffreys or Jiminez were aware of a risk of harm to Plaintiff or that either of them were

5   responsible for refilling Plaintiffs medication.  The allegations fail to state a plausible claim that

6   Defendants Jeffreys and Jiminez were aware of a substantial risk of harm to Plaintiff and failed to

7   act in response. <u>Iqbal,</u> 129 S. Ct. at 1949-50.

8        **B.**    **Defendant Liability**

9        Plaintiff may not bring suit against Defendants in their official capacity.  "The Eleventh

10  Amendment bars suits for money damages in federal court against a state, its agencies, and state

11  officials acting in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147

12  (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public

13  officials acting in their personal capacities.  <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991).  "Personal-

14  capacity suits . . . seek to impose individual liability upon a government officer for actions taken

15  under color of state law." <u>Id.</u> at 25.

16       Additionally, Plaintiff is attempting to bring suit against defendants due to their supervisory

17  position.  Government officials may not be held liable for the actions of their subordinates under a

18  theory of *respondeat superior*.  <u>Iqbal</u>, 129 S. Ct. at 1948.  Since a government official cannot be held

19  liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the

20  official has violated the Constitution through his own individual actions.  <u>Id.</u> at 1948.  Although

21  Plaintiff has named forty one defendants, his complaint is devoid of any factual allegations against

22  the majority of the defendants and fails to link each named defendant to some affirmative act or

23  omission that demonstrates a violation of Plaintiff's federal rights.

24  **IV.**   **Conclusion and Order**

25       Plaintiff's complaint states a cognizable claim against Defendants Wu and McGuinness for

26  deliberate indifference in violation of the Eighth Amendment, but does not state any other claims

27  for relief under section 1983.  The Court will provide Plaintiff with the opportunity to file an

28  amended complaint curing the deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809

F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Wu and McGuinness on the Eighth Amendment claim, Plaintiff may so notify the Court in writing.  The other defendants and claims will then be dismissed for failure to state a claim.  Plaintiff will then be provided with two summonses and two USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Wu and McGuinness.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).   The mere possibility of misconduct is insufficient to state a claim.  Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within **sixty (60) days** from the date of service of this order, Plaintiff must either:

    a.      File an amended complaint curing the deficiencies identified by the Court in this order, or

    b.      Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Wu and

1    McGuinness; and

2    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to

3    obey a court order.

4

5    IT IS SO ORDERED.

6    **Dated:    September 28, 2011**                    /s/ **Sandra M. Snyder**
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28