**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>   Plaintiff,<br><br>   v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>   Defendants. | Case No.: 1:09-cv-00749-LJO-BAM PC<br><br>ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF ANTHONY C. HUCKABEE<br><br>(ECF No. 57) |

### I.     Introduction

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009.  This action is proceeding on Plaintiff's second amended complaint, filed on August 21, 2012, for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF; (2) negligence against Defendants Diaz, Jeffreys, Jimenez; and (3) medical malpractice against Defendants McGuiness, Wu, Bhatt and Nguyen; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, against all defendants; and (5) negligent infliction of emotional distress against all defendants.

1

On July 1, 2013, H. Ty Kharazi, Nathan K. Brown and the attorneys at Yarra, Kharazi and Clason filed the instant motion to withdraw as counsel for Plaintiff. (ECF No. 57.) Plaintiff filed a response on July 15, 2013, and counsel replied on July 22, 2013. (ECF Nos. 59, 60.)

On July 26, 2013, the motion to withdraw was heard before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. Plaintiff appeared telephonically on his own behalf. Nathan A. Brown appeared on behalf of Yarra, Kharazi and Clason.

## II.     **Procedural Background**

On April 28, 2009, Plaintiff filed a motion for the appointment of counsel. Plaintiff explained that he required counsel due to, among other things, nerve damage that required a daily regimen of eye medications, which caused him lethargy, fatigue, and loss of concentration. (ECF No. 3.) On September 12, 2011, the then-assigned Magistrate Judge appointed voluntary counsel, Scot A. Ginther, to represent Plaintiff in this matter. (ECF No. 18.)

On September 29, 2011, the Court screened Plaintiff's first amended complaint and ordered Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on cognizable claims. (ECF No. 19.) Plaintiff's counsel requested additional time to file an amended complaint, which the Court granted. (ECF No. 22.)

On January 24, 2012, Plaintiff filed a motion requesting appointment of new counsel. Plaintiff asserted that he wrote to Mr. Ginther's office on four separate occasions, but was unable to contact him. Additionally, Plaintiff asserted that his family attempted to contact Mr. Ginther, but were told that Mr. Ginther was not representing Plaintiff. (ECF No. 24.)

On January 27, 2012, Mr. Ginther requested an extension of time for Plaintiff to file an amended complaint. Mr. Ginther also filed a declaration in support of Plaintiff's request for a new attorney. Mr. Ginther explained that after his appointment he was forced to leave private practice and close down his law firm. (ECF Nos. 25, 25-2.)

On February 1, 2012, the Court stayed this action until appointment of new counsel. (ECF No. 26.) On February 10, 2012, Mr. Ginther filed a motion to withdraw as attorney, which the Court granted. (ECF Nos. 28, 29.) Thereafter, on June 28, 2012, the Court determined that the appointment of counsel was still warranted and selected Hadi-Ty Kharazi and Leah Tuisavalalo from the pro bono

1  panel to represent Plaintiff.  The Court lifted the stay and directed Plaintiff to file an amended

2  complaint or notify the Court that he wished to proceed only on the claims found to be cognizable.

3  (ECF No. 31.)  On August 13, 2012, Mr. Kharazi's office designated attorney Nathan K. Brown in the

4  place of attorney Leah Tuisavalalo.  (ECF No. 32.)

5        On August 21, 2012, Plaintiff's counsel filed a second amended complaint.  (ECF No. 33.)  On

6  August 23, 2012, the Court ordered service of the complaint on the following defendants:  Warden

7  Ralph M. Diaz, Dr. McGuiness, Dr. Wu, Dr. Bhatt, Dr. Nguyen, Dr. Garcia, Nurse Jimenez and Nurse

8  Jeffreys.  (ECF No. 34.)

9        On December 3, 2012, Defendants Bhatt, Diaz, Nguyen and Wu filed a motion to dismiss.

10  (ECF No. 39.)  Plaintiff, through counsel, opposed the motion on December 24, 2012, and Defendants

11  replied on December 28, 2012.  (ECF Nos. 42, 43.)  The motion is currently under submission.

12        On May 30, 2013, Defendant Garcia filed a motion to dismiss.  (ECF No. 52.)  Plaintiff,

13  through counsel, filed an opposition to the motion on June 25, 2013.  (ECF No. 55.)  After Plaintiff

14  filed his opposition, the parties submitted a stipulation indicating that Plaintiff's counsel intended to

15  withdraw and that they agreed to allow Defendant Garcia to submit an amended motion to dismiss

16  after the Court addressed the pending withdrawal motion.  (ECF No. 56.)  The Court granted the

17  stipulation.

18        On July 1, 2013, Plaintiff's counsel filed the instant motion for an order allowing them to

19  withdraw as counsel due to a breakdown in the attorney-client relationship and Plaintiff's

20  unwillingness to cooperate with counsel.  (ECF No. 57.)  Plaintiff filed a response to the withdrawal

21  motion on July 15, 2013.  Although Plaintiff counters certain of counsel's assertions, he requests that

22  the Court grant Mr. Kharazi's withdrawal from this case.  (ECF No. 59.)  Mr. Kharazi filed a second

23  declaration in support of the withdrawal on July 22, 2013.  (ECF No. 60.)  At oral argument on the

24  motion, plaintiff again requested that counsel be permitted to withdraw.

25      **III.**    **Legal Standard**

26        Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of

27  California and the Local Rules of the United States District Court, Eastern District of California.  See

28  Local Rule 182.  The withdrawal of representation is permitted under the Rules of Professional

1 Conduct if the client's "conduct renders it unreasonably difficult for the member to carry out the
2 employment effectively." Cal. R. P. C. 3-700(C)(1)(d).  Local Rule 182 provides that "an attorney
3 who has appeared may not withdraw leaving the client in propria persona without leave of court upon
4 noticed motion and notice to the client and all other parties who have appeared." Local Rule 182(d).

5       The decision to grant withdrawal is within the discretion of the Court and leave "may be
6 granted subject to such appropriate conditions as the Court deems fit." Local Rule 182(d); see also
7 Canandaigua Wine Co., Inc. v. Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, at *1
8 (E.D. Cal. January 14, 2009).  In deciding whether to allow an attorney to withdraw, courts have
9 considered "1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other
10 litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to
11 which withdrawal will delay the resolution of the case." Id. at *1.

12     **IV.**    **Discussion**
13       **A. Counsel's Motion**

14       According to counsel's moving papers and supporting declaration, Plaintiff has sent Mr.
15 Kharazi's office excessive correspondence, sometimes between three and four letters a month,
16 demanding various items, such as medical advice or that more action be taken to litigate this action.
17 (ECF No. 57-1; Declaration of H. Ty Kharazi ("Kharazi Dec.") ¶ 3.)  Plaintiff also has demanded that
18 counsel open the phone lines for collect calls and expedite court processing of this matter.  (Id.)
19 Additionally, Plaintiff has requested legal advice regarding other pending state lawsuits.  (ECF No.
20 57-1; Kharazi Dec. ¶ 7.)   Counsel reports that Plaintiff has become increasingly difficult to work with,
21 accusing counsel of bias and not providing effective assistance of counsel, along with threatening to
22 instigate a lawsuit against counsel and to report Mr. Kharazi to the California State Bar.  (ECF No. 57-
23 1; Kharazi Dec. ¶¶ 4-6, 8.)  Counsel contends that Plaintiff's perception of his legal representation in
24 this matter has required counsel to request withdrawal.  (ECF No. 57-1; Kharazi Dec. ¶ 9.)

25       **B. Plaintiff's Response**

26       Plaintiff contends that Mr. Kharazi's motion and declaration are "mostly lies and exagerations
27 [sic]" so that the Court will see Plaintiff as a difficult client and release Mr. Kharazi from his contract
28 because Mr. Kharazi "has strong prejudicial issues . . . because of why [Plaintiff] is in prison."  (ECF

4

1    No. 59, pp. 1-2.)  However, Plaintiff requests that the Court grant Mr. Kharazi's withdrawal and
2    appoint another attorney.
3         Plaintiff contends that he had a phone interview with Mr. Kharazi on June 22, 2012.
4    According to Plaintiff, he informed Mr. Kharazi that an open line of communication was a must and
5    that this included phone calls.  Mr. Kharazi reported that this would be no problem and that he would
6    have the phone line available after the contracts were signed.  On August 10, 2012, Mr. Kharazi's
7    associate, Mr. Brown, came to the prison to see Plaintiff and get the contracts signed.  Mr. Brown told
8    Plaintiff that the phone line would be set up.  After numerous attempts to call Mr. Kharazi's office
9    were denied, Plaintiff wrote to Mr. Kharazi to ask why the calls were not being accepted.  Mr. Kharazi
10   responded by letter and stated that they had a "no collect call" policy.  Plaintiff contends that this
11   change in policy and attitude came after Plaintiff informed Mr. Kharazi of why he was in prison, a
12   question that Mr. Kharazi insisted needed to be answered.
13        With regard to letters sent to Mr. Kharazi's office, Plaintiff asserts that he only sends an
14   average of one letter each month to Mr. Kharazi's office.  With regard to requests for legal advice,
15   Plaintiff explains that he filed an action in state court against an ophthalmologist and when he received
16   the filing papers from the lower court, he wrote to Mr. Kharazi to ask whether the case should be
17   incorporated into the present case.  Plaintiff asked Mr. Kharazi in "a few letters" because Mr. Kharazi
18   did not answer right away.  (ECF No. 59, p. 3.)  Plaintiff did not feel it was prudent to decide on his
19   own, not knowing what outcome it could have on the current case.  Plaintiff believed that Mr. Kharazi
20   was supposed to advise him on any legal matters that could affect the current case.  (ECF No. 59, pp.
21   3-4.)
22        With regard to medical advice, Plaintiff explains that he was seen on May 13, 2013, by an
23   ophthalmologist who wanted to perform a procedure that had not been successful in the past.  Plaintiff
24   wrote to Mr. Kharazi and asked if he should go through with the procedure to preserve the integrity of
25   this case.  Plaintiff wrote to Mr. Kharazi three times and finally received an answer one month later.
26   Mr. Kharazi told Plaintiff to get a second opinion and that he does not give medical advice.
27        With regard to threats, Plaintiff asserts that he has never threatened Mr. Kharazi with litigation.
28   After receiving a letter from Mr. Kharazi with tones of intimidation and withdrawal ultimatums,

5

Plaintiff stated plainly to Mr. Kharazi that he would no longer send complaints to Mr. Kharazi and that if he had any more complaints as to how Mr. Kharazi was handling his case, then he would send the complaints to the court and to the State Bar.  At that point, Mr. Kharazi filed the motion to withdraw.

With regard to harassment, Plaintiff contends that (unidentified) records show that he does not harass, but does inquire and remain active in the case.  Despite Mr. Kharazi's assertion that he keeps Plaintiff fully informed about the case, Plaintiff asserts that he has never received copies of any responses or various grounds for which defendants filed their motion to dismiss.  Plaintiff reports that he has repeatedly asked Mr. Kharazi over the last six months if there was any word on the hearing for the motions to dismiss.  Mr. Kharazi told Plaintiff that there was no information, but "[i]nterestingly, there was a date set for the hearings in the motion to withdraw." (ECF No. 59, p. 5.)

Plaintiff argues that Mr. Kharazi has had no motivation to apply his talent to this case since he discovered why Plaintiff was in prison.  Plaintiff believes that Mr. Kharazi's prejudice against him would jeopardize the outcome of this case.  Accordingly, Plaintiff requests that the motion to withdraw be granted, "with prejudice, and sanctions for [Mr. Kharazi's] unprofessional behavior." (ECF No. 59, p. 6.)

### C.  Counsel's Reply

Mr. Kharazi replies that it is apparent from Plaintiff's opposition that there has been a complete breakdown in the attorney-client relationship.  (ECF No. 60, ¶ 2.)  In rebuttal to Plaintiff's claims, Mr. Kharazi reports that he is unaware of Plaintiff's complete criminal history, that he has never shirked his legal responsibility to Plaintiff, that it was Plaintiff who instructed Mr. Kharazi to withdraw from the case because Plaintiff felt that Mr. Kharazi's work was inadequate, and that Mr. Kharazi has kept Plaintiff apprised of his case and there is nothing currently to report.  (ECF No. 60, ¶¶ 3-5.)  Mr. Kharazi also asserts that he informed Plaintiff that should correspondence prove to be insufficient in preparing this case, then he would allow collect calls.  However, at this early stage of the litigation, Mr. Kharazi does not believe that phone communication is necessary and it would only result in a waste of taxpayer resources.  As a final matter, Mr. Kharazi contends that he does not have the time or desire to deal with Plaintiff's threats.  Mr. Kharazi asks that the Court grant the motion to withdraw and appoint new counsel for Plaintiff.

### D. Analysis

It is evident from the papers, and the statements of Plaintiff and his counsel at the hearing, that there has been a breakdown of the attorney-client relationship. Counsel believes that Plaintiff is belligerent, difficult and will file lawsuits and State Bar complaints against them. In contrast, Plaintiff believes that current counsel is biased and is not properly prosecuting this action. Counsel and Plaintiff both agree that withdrawal should be granted.

Counsel seeks permissive withdrawal because Plaintiff's "conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. R. P. C. 3-700(C)(1)(d). Plaintiff's statements regarding lawsuits and bar complaints against counsel, along with assertions of bias and inadequate representation, evidence conduct rendering it unreasonably difficult for counsel to continue with the representation. See, e.g., L.S. ex rel. R.S. v. Panama Buena Vista Union School Dist., 2012 WL 3236743, at *2-3 (E.D. Cal. Aug. 6, 2012) (finding good cause to grant motion to withdraw as counsel based, in part, on plaintiff's threat of malpractice lawsuits).

There appears to be little, if any, prejudice to the other litigants if withdrawal is granted. At this point in the litigation, no discovery has taken place and there are no current dates pending in this action. The parties are awaiting a ruling on the motion to dismiss filed by Defendants Diaz, Wu, Bhatt and Nguyen, which has been fully briefed. Defendant Garcia anticipates filing an amended motion to dismiss after the Court rules on the withdrawal of counsel. Further, there are three defendants (McGuiness, Jimenez, and Jeffreys) that have not been served in this action. Given this status, granting withdrawal also will not harm the administration of justice or result in a substantial delay.

/////
/////
/////
/////
/////
/////
/////
/////

**V.      Conclusion and Order**

Based on the above, IT IS HEREBY ORDERED as follows:

1. The motion to withdraw as counsel for Plaintiff, filed on July 1, 2013, is GRANTED; and
2. Plaintiff Anthony Huckabee, Inmate Number K91527, is SUBSTITUTED in as counsel in pro se.  According to available records, Plaintiff currently is housed at Valley State Prison.

IT IS SO ORDERED.

Dated:   **July 26, 2013**                                  /s/ *Barbara A. McAuliffe*
                                                                            UNITED STATES MAGISTRATE JUDGE