UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00749-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 73.) |

**I.    Background**

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009. This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF; (2) negligence against Defendants Diaz, Jeffreys, Jimenez; (3) medical malpractice against Defendants McGuiness, Wu, Bhatt and Nguyen; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, against all defendants; and (5) negligent infliction of emotional distress against all defendants.

On July 26, 2013, the Court granted appointed counsel's motion to withdraw and substituted Plaintiff in pro se. (ECF No. 64.) Thereafter, the Court directed Plaintiff to either file a motion for the appointment of counsel or a statement that he does not request the appointment of counsel. (ECF No.

65.) On August 14, 2013, Plaintiff filed the instant motion for the appointment of counsel. (ECF No. 73.)

## II. Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

## III. Discussion

Plaintiff believes this court should appoint counsel because (1) he is proceeding in forma pauperis, (2) his case is difficult and presents complex issues, (3) his case could depend on cross-examination and the credibility of defendants and witnesses, (4) medical expert testimony will be necessary, (5) he is in prison and (6) he has medical issues, including blindness in his left eye and daily headaches evolving into debilitating migraines. Plaintiff indicates that his migraines cause nausea, blindness in the right eye and seizures and they are triggered by noise and concentration of Plaintiff's vision on things such as computer and television screens and reading. (ECF No. 73, p. 2.)

The Court has considered Plaintiff's motion for the appointment of counsel, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases involving claims of deliberate indifference to serious medical needs filed by prisoners proceeding in forma pauperis and suffering various medical conditions almost daily. While Plaintiff's assertions regarding his medical condition are taken into

consideration, the record indicates that Plaintiff has been able to articulate his position thoroughly, most recently in his briefing on counsel's motion to withdraw and his request for counsel. Although the Court previously appointed counsel in this matter, it no longer appears that Plaintiff requires such assistance. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice. Plaintiff is reminded that, as necessary and appropriate, he may seek extensions of time for relevant case deadlines. Fed. R. Civ. P. 6(b)(1).

IT IS SO ORDERED.

Dated:   **August 19, 2013**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE