UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00749-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S AUTHORIZATION FOR INMATE "NEXT FRIEND" (ECF No. 79) |

**I.  Background**

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009.  This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF; (2) negligence against Defendants Diaz, Jeffreys, Jimenez; (3) medical malpractice against Defendants McGuiness, Wu, Bhatt and Nguyen; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, against all defendants; and (5) negligent infliction of emotional distress against all defendants.

On July 26, 2013, the Court granted appointed counsel's motion to withdraw and substituted Plaintiff in pro se.  (ECF No. 64.)  The Court subsequently directed Plaintiff to either file a motion for the appointment of counsel or a statement that he does not request the appointment of counsel.  (ECF

1

No. 65.) On August 14, 2013, Plaintiff filed a motion for the appointment of counsel. (ECF No. 73.) On August 20, 2013, the Court denied Plaintiff's request for appointed counsel. (ECF No. 74.) Thereafter, on September 6, 2013, Plaintiff filed the instant notice of declaration and authorization for inmate "next friend." Plaintiff requests that the Court grant inmate Henry C. Navarro "next friend" recognition and allow him to read all papers in this matter, search the law library, prepare answers, advise on strategies and author all future responses in this case. (ECF No. 79.)

**II.     Discussion**

Inmate Navarro cannot proceed on Plaintiff's behalf in this action. Generally, a litigant must assert his or her own legal rights and interests. Powers v. Ohio, 499 U.S. 400, 410, 111 S.Ct. 1364 (1991). As inmate Navarro is not the named plaintiff, he lacks standing to allege violations of Plaintiff's constitutional rights in this action. Powers, 499 U.S. at 410; Thompson v. Thomas, 1998 WL 398150, at *1-2 (N.D. Cal. Jul. 13, 1998). Further, as inmate Navarro is not an attorney, he cannot represent another inmate in a pro se capacity. Cf. Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th Cir. 2008) (pro se litigant cannot represent a person or entity other than himself in federal court). Plaintiff's citation to habeas and other proceedings are inapposite. Accordingly, Plaintiff's request to appoint inmate Navarro as "next friend" shall be denied.

The Court makes no determination as to the appropriateness of Plaintiff consulting and/or receiving assistance from other inmates, including inmate Navarro, in his prosecution of this action or in the preparation of motions or other pleadings. However, Plaintiff is reminded of his obligation to personally sign every pleading, written motion, or other paper presented to this Court. Fed. R. Civ. P. 11(a).

**III.    Conclusion**

For the reasons stated, Plaintiff's request for authorization of inmate Navarro's "next friend" status is DENIED.

IT IS SO ORDERED.

Dated:    **September 11, 2013**              /s/ Barbara A. McAuliffe
                                              UNITED STATES MAGISTRATE JUDGE