**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00749-LJO-BAM (PC)<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF Nos. 39, 75) |

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner, currently proceeding pro se, in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, by Plaintiff's then appointed voluntary counsel, for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF; (2) negligence against Defendants Diaz, Jeffreys, and Jimenez; (3) medical malpractice against Defendants McGuiness, Wu, Bhatt and Nguyen; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, against all defendants; and (5) negligent infliction of emotional distress against all defendants.

On August 21, 2013, the Magistrate Judge issued Findings and Recommendations that the motion to dismiss filed by Defendants Diaz, Wu, Bhatt and Nguyen be granted in part and denied in part. The findings and recommendations were served on the parties and contained notice that any

1

objections must be filed within thirty days after service.  (ECF No. 75.)  Following an extension of time, Plaintiff filed his objections on October 17, 2013.  (ECF No. 94.)  Defendants Diaz, Wu, Bhatt and Nguyen did not file a response.

In the Findings and Recommendations, the Magistrate Judge recommended partially granting the motion to dismiss filed by Defendants Diaz, Wu, Bhatt and Nguyen.  Specifically, the Magistrate recommended as follows:  (1) Defendants' motion to dismiss for failure to state a claim against Defendant Warden Diaz be granted; (2) Defendants' motion to dismiss Plaintiff's state law causes of action be granted based on a failure to allege compliance, or excusal from compliance, with the claim presentation requirement of California's Government Claims Act; (3) Defendants' motion to dismiss Plaintiff's claims against Dr. Nguyen as barred by the statute of limitations be granted with regard to event occurring in 2000 and denied with regard to events occurring in 2006; (4) Defendants' motion to dismiss Plaintiff's claims against Dr. Wu as barred by the statute of limitations be granted with regard to events occurring prior to April 29, 2005, and denied with regard to events occurring after April 29, 2005; and (5) Defendants' motion to dismiss Plaintiff's claims against Dr. Bhatt as barred by the statute of limitations be granted.  (ECF No. 75, p. 16.)

Plaintiff first objects to the Findings and Recommendations because it omits the liability of two unnamed defendants, which appear to be the Chief Medical Officer and Chief Pharmacist at California Substance Abuse Treatment Facility ("CSATF").  Plaintiff's objection is overruled.  The operative complaint identifies Defendant Wu as the "Chief Medical Officer . . . charged with overseeing all medical referrals and prescription renewals at CSATF."  (ECF No. 33, p. 3.)  The Findings and Recommendations address Plaintiff's claims against Defendant Wu.  To the extent Defendant Wu is not considered to be both the Chief Medical Officer and Chief Pharmacist, the motion to dismiss did not concern any claims against these unidentified individuals.

Plaintiff next objects to the Magistrate Judge's finding that April 29, 2009, was the operative filing date of this action for purposes of the statute of limitations.  In particular, Plaintiff contends that the effective filing date should be April 23, 2009, the date he delivered his original complaint to prison officials for processing.  In other words, Plaintiff contends that the prison mailbox rule should be applied to determine the effective filing date.  Douglas v. Noelle, 567 F.3d 1103, 1106-07 (9th Cir.

2

2009).  Plaintiff's objection is sustained.  In the Findings and Recommendations, the Magistrate Judge considered the "prison mailbox" rule to determine the effective filing date, but could not apply the rule because Plaintiff's original complaint and accompanying proof of service were undated and his then-appointed counsel did not provide any information regarding the effective filing date.  (ECF No. 75, p. 11 n. 3.)  Subsequent to that time, Plaintiff has filed a Notice of Errata and an application for relief pursuant to Federal Rule of Civil Procedure 60 to correct the filing date.  (ECF Nos. 90, 91.)  Plaintiff has declared under penalty of perjury that he delivered the complaint to the E-Yard, Building 3 custody staff on 3rd watch on Thursday, April 23, 2009.  (ECF No. 90, p. 7.)  Based on the declaration, the Court therefore rejects that portion of the Magistrate Judge's findings regarding the effective filing date of April 29, 2009, and adopts an effective filing date of April 23, 2009.

The adopted filing date of April 23, 2009, primarily alters the Magistrate Judge's determination regarding application of the statute of limitations to Plaintiff's claims against Defendant Dr. Wu.  The Magistrate Judge found that Plaintiff's claims against Dr. Wu were barred with regard to events occurring prior to April 29, 2005 (a four-year limitations period), but not to events occurring after that date.  Applying the adopted filing date of April 23, 2009, the Court finds that Plaintiff's claims against Dr. Wu are barred with regard to events occurring prior to April 23, 2005, but not to events occurring after that date.

As a final matter, Plaintiff objects to the Magistrate Judge's finding that the continuing violations doctrine does not apply in this case.  Plaintiff's objection is overruled.  The Magistrate Judge raised the applicability of the continuing violations doctrine and rejected its application to the date of accrual of Plaintiff's claims in this action.  (ECF No. 75, p. 13 n. 4.)  Under the continuing violations doctrine, a claim to redress such violations is deemed to have accrued on the date of the last wrongful act.  Sisseton-Wahpeton Sioux Tribe of Lake Travers Indian Reservation v. United States, 895 F.2d 588, 597 (9th Cir. 1990.)  The Magistrate Judge appropriately rejected the applicability of the doctrine in this case because Plaintiff alleged isolated instances involving requests for medication, requests for referrals or requests for medication refills and treatment from different medical providers. Plaintiff's allegations involve intervening acts by various medical providers and breaks in time without complaint or requests for intervention.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis as discussed.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations, issued on August 21, 2013, are ADOPTED IN PART as follows:

1. Defendants' motion to dismiss, filed on December 30, 2012, is GRANTED IN PART and DENIED IN PART;

2. Defendants' motion to dismiss for failure to state a claim against Defendant Warden Diaz is GRANTED;

3. Defendants' motion to dismiss Plaintiff's state law causes of action for negligence, medical malpractice, negligent infliction of emotional distress, and violation of the Unruh Civil Rights Act is GRANTED;

4. Defendants' motion to dismiss Plaintiff's claims against Dr. Nguyen as barred by the statute of limitations is GRANTED with regard to events occurring in 2000 and DENIED with regard to events occurring in 2006.

5. Defendants' motion to dismiss Plaintiff's claims against Dr. Wu as barred by the statute of limitations is GRANTED with regard to events occurring prior to April 23, 2005, and DENIED with regard to events occurring after April 23, 2005; and

6. Defendants' motion to dismiss Plaintiff's claims against Dr. Bhatt as barred by the statute of limitations is GRANTED.

IT IS SO ORDERED.

Dated:   **December 10, 2013**          **/s/ Lawrence J. O'Neill**
                                            UNITED STATES DISTRICT JUDGE