UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>  Plaintiff,<br><br>  v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>  Defendants. | Case No.: 1:09-cv-00749-LJO-BAM (PC)<br><br>ORDER DENYING APPLICATION FOR RELIEF PURSUANT TO FED. R. CIV. P, RULE 60; CORRECTION OF FILING DATE AS MOOT<br><br>(ECF No. 90) |

    Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner, currently proceeding pro se, in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, by Plaintiff's then appointed voluntary counsel, for (1) deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF; (2) negligence against Defendants Diaz, Jeffreys, and Jimenez; (3) medical malpractice against Defendants McGuiness, Wu, Bhatt and Nguyen; (4) violation of the Unruh Civil Rights Act, California Civil Code § 51, against all defendants; and (5) negligent infliction of emotional distress against all defendants.

    On August 21, 2013, the undersigned issued Findings and Recommendations that the motion to dismiss filed by Defendants Diaz, Wu, Bhatt and Nguyen be granted in part and denied in part. The

1  Findings and Recommendations included a finding that April 29, 2009, was the operative filing date of
2  this action for purposes of the statute of limitations.
3      On September 30, 2013, following issuance of the Findings and Recommendations, Plaintiff
4  filed the instant motion for relief pursuant to Federal Rule of Civil Procedure 60(b) to correct the
5  operative filing date of his complaint to April 23, 2009.  (ECF No. 90.)  Defendants did not respond to
6  the motion.
7      Subsequently, Plaintiff filed objections to the Findings and Recommendations on October 17,
8  2013.  In his objections, Plaintiff argued that the effective filing date should be April 23, 2009, the
9  date he delivered his original complaint to prison officials for processing.  Plaintiff incorporated by
10 reference his arguments from the instant motion for Rule 60 relief.  (ECF No. 94, pp. 4-5 and n. 2.)
11     On December 10, 2013, the District Court sustained Plaintiff's objection regarding the
12 operative filing date, relying on Plaintiff's incorporated arguments from the instant motion.  As such,
13 the District Court adopted an effective filing date of April 23, 2009.  (ECF No. 96, pp. 2-3.)
14     Based on the District Court's order, the instant motion is no longer necessary for the purpose
15 of correcting the effective filing date.  Accordingly, Plaintiff's motion for relief pursuant to Federal
16 Rule of Civil Procedure 60 is DENIED as moot.
17 IT IS SO ORDERED.
18 
    Dated:   **December 19, 2013**            /s/ *Barbara A. McAuliffe*
19                                          UNITED STATES MAGISTRATE JUDGE