UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>　　　　Defendants. | Case No.: 1:09-cv-00749-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 114) |

**I.    Background**

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009.  This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants McGuiness, Wu, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF.

On July 26, 2013, the Court granted appointed counsel's motion to withdraw and substituted Plaintiff in pro se.  (ECF No. 64.)  On August 14, 2013, Plaintiff filed a renewed motion for the appointment of counsel.  (ECF No. 73.)  On August 20, 2013, the Court denied the renewed request for appointment of counsel, finding that the matter did not present exceptional circumstances and that Plaintiff had been able to articulate his position in various filings.  (ECF No. 74.)

On January 16, 2014, Plaintiff filed the instant motion requesting the appointment of counsel. (ECF No. 114.)

## II. Legal Standard

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reversed in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

## III. Discussion

Plaintiff requests the appointment of counsel to conduct discovery, prepare witnesses for trial, contact expert witnesses, and submit facts not yet developed or available to Plaintiff. In support of his request, Plaintiff contends that this is a complex case involving medical issues that ultimately caused permanent blindness in his left eye and severe damage in his left eye and expert witnesses are required to establish his case. Plaintiff also contends that the discovery process requires professional preparation because he cannot arrange for the physicians that performed his laser eye surgery to be deposed or to appear at trial.

Additionally, Plaintiff asserts that he is unable to articulate his legal position or respond to Defendants' papers. To demonstrate his inability, Plaintiff points to his initial efforts to state cognizable claims in this matter, which were rejected by the Court and resulted in the original appointment of counsel. (ECF Nos.12, 15, 18, 19.) Plaintiff asserts that since August 2, 2013, all documents submitted on his behalf were completed by inmate assistant Henry C. Navarro.

As a final matter, Plaintiff contends that he is likely to succeed on the merits because he has documentary evidence to demonstrate a violation of his rights by Defendants.

The Court has considered Plaintiff's second motion for the appointment of counsel, but again does not find the required exceptional circumstances. As previously indicated, this Court is faced with similar cases involving claims of deliberate indifference to serious medical needs filed by prisoners proceeding in forma pauperis and suffering various medical conditions almost daily. These prisoners also must navigate discovery and prosecution of their medical claims without the assistance of counsel and while incarcerated. There is no indication that Plaintiff is unable to conduct any discovery or obtain witnesses to assist him in this matter.

Plaintiff's assertions regarding the limitations imposed by his medical conditions also have been taken into consideration. Although Plaintiff believes that he has been unable to articulate the merits of his case, the record indicates that Plaintiff has submitted documents to the Court for consideration without the assistance of counsel or another inmate. (ECF Nos. 30, 59, 69, 70, 71, and 73.) These submissions demonstrate that Plaintiff is able to prepare and file documents that clearly set forth his contentions without any assistance. Indeed, in more than one document, Plaintiff admits sending regular correspondence to his former legal counsel. (ECF No. 59, p. 3; No. 70, pp. 3-4.)

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice. Plaintiff again is reminded that, as necessary and appropriate, he may seek extensions of time for relevant case deadlines. Fed. R. Civ. P. 6(b)(1).

IT IS SO ORDERED.

Dated:   **March 21, 2014**             /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3