**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00749-LJO-BAM PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANT JIMENEZ SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE (ECF No. 115)<br><br>THIRTY-DAY DEADLINE |

**I.  Introduction**

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009. This action proceeds on Plaintiff's second amended complaint, filed on August 21, 2012, for deliberate indifference to a serious medical need in violation of the Eighth Amendment against Defendants McGuiness, Wu, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF.

**II.  Service by the United States Marshal**

On September 10, 2012, following screening of the second amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Diaz, McGuiness, Wu, Bhatt, Nguyen, Garcia, Jimenez and Jeffreys . (ECF No. 37.) On

1 January 17, 2014, the United States Marshal filed a return of service unexecuted as to Defendant Jimenez.  (ECF No. 115.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and ... should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ."  Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate.  Walker, 14 F.3d at 1421-22.

In this case, Plaintiff has not provided sufficient information to identify Defendant Jimenez and to locate this defendant for service of process.  (ECF No. 115.)  If Plaintiff is unable to provide the Marshal with additional information, Defendant Jimenez shall be dismissed from this action, without prejudice.  Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendant Jimenez should not be dismissed from the action at this time.

///

///

///

### III.  Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendant Jimenez should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Jimenez from this action.</u>

IT IS SO ORDERED.

Dated:  **March 21, 2014**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE