1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 ANTHONY CRAIG HUCKABEE,         )   Case No.: 1:09-cv-00749-LJO-BAM (PC)
                              )

12         Plaintiff,             )   ORDER DENYING MOTION FOR
                              )   RECONSIDERATION TO DISTRICT JUDGE'S

13       v.               )   ORDER ON MAGISTRATE'S FINDINGS AND
                              )   RECOMMENDATION

14 MEDICAL STAFF at CSATF, et al.,    )
                              )

15         Defendants.         )   (ECF No. 101)
                              )

16                               )

17     **I.**      **Background**

18       Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner, currently proceeding pro se,

19 in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second

20 amended complaint filed on August 21, 2012.

21       On August 21, 2013, the Magistrate Judge issued Findings and Recommendations that the

22 motion to dismiss filed by Defendants Diaz, Wu, Bhatt and Nguyen be granted in part and denied in

23 part. (ECF No. 75.) On October 17, 2013, Plaintiff filed objections to the Findings and

24 Recommendations. (ECF No. 94.) The undersigned considered Plaintiff's objections and partially

25 adopted the Findings and Recommendations on December 10, 2013. (ECF No. 96.)

26       On December 26, 2013, Plaintiff filed the instant motion for reconsideration of the order

27 partially adopting the findings and recommendations regarding Defendants' motion to dismiss. (ECF

28

1   No. 101.)  On January 23, 2014, Defendants filed an opposition to the motion for reconsideration.

2   (ECF No. 117.)  The motion is deemed submitted.  Local Rule 230(l).

3        **II.**       **Discussion**

4        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

5   unless the district court is presented with newly discovered evidence, committed clear error, or if there

6   is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH

7   & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  "A party

8   seeking reconsideration must show more than a disagreement with the Court's decision, and

9   recapitulation ..." of that which was already considered by the Court in rendering its decision.  United

10   States. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party

11   must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

12   decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.1986),

13   affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Additionally,

14   pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what

15   "new or different facts or circumstances claimed to exist which did not exist or were not shown upon

16   such prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

17        Plaintiff seeks reconsideration of two primary issues.  First, Plaintiff seeks reconsideration of

18   the Court's determination that Defendant Wu was described as the Chief Medical Officer overseeing

19   referrals and prescription renewals.  Plaintiff maintains that the Court's order essentially eliminated

20   the liability of the two unidentified defendants described as the Chief Medical Officer and Chief

21   Pharmacist.  Plaintiff presents no basis for the Court to reverse its prior decision.  Plaintiff apparently

22   overlooks the Court's finding that "[t]o the extent Defendant Wu is not considered to be both the Chief

23   Medical Officer and Chief Pharmacist, the motion to dismiss did not concern any claims against these

24   unidentified individuals."  (ECF No. 96, p. 2.)  In other words, neither the motion to dismiss nor the

25   Court's order affected the purported liability of these unnamed individuals.

26        Second, Plaintiff seeks reconsideration of the Court's determination regarding the applicability

27   of the continuing violations doctrine.  Plaintiff appears to elaborate on his previous arguments

28   regarding the continuing violations doctrine, which were presented in his objections to the Magistrate

Judge's findings and recommendations.  However, Plaintiff has not presented any new facts or law that were unavailable to him at the time he filed his objections.  Plaintiff's mere disagreement with the Court's order is not a sufficient basis for reconsideration.  Westlands, 134 F.Supp.2d at 1131. Plaintiff's references to medical grievances that he filed or the fact that the California prison medical care system is in receivership do not alter the Court's determination.

**III.    Conclusion**

For the reasons stated, Plaintiff's motion for reconsideration of the Court's order on the Magistrate Judge's findings and recommendations is DENIED.

IT IS SO ORDERED.

Dated:    **March 24, 2014**                          **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE

3