# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>Defendants.<br>_____/ | Case No.  1:09-cv-00749-LJO-BAM PC<br><br>ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM AS PREMATURE<br><br>(ECF No. 144) |

Plaintiff Anthony Craig Huckabee, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009.  This action is proceeding against Defendants McGuiness, Wu, Nguyen, Garcia, Jimenez, Jeffreys, Chief Medical Officer at CSATF, and Chief Pharmacist at CSATF for deliberate indifference to a serious medical need in violation of the United States Constitution.

On April 24, 2014, Plaintiff filed a document entitled "Ex Parte Notice of Mailing to Three Non-Parties & Notice of Pending Subpoena."  (ECF No. 144.)  In the document, Plaintiff reports that he sent notices to three non-parties indicating that the United States Marshal would be serving them with subpoenas for the production of documents.  Plaintiff also sent information to the United States Marshal for the service of subpoenas.  The Court construes Plaintiff's filing as a motion requesting the issuance of subpoenas duces tecum commanding the production of

documents.[2]

This case is currently in the discovery phase relative to the answering defendants in this action and the deadline for the completion of such discovery is set for August 28, 2014. Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things. Fed. R. Civ. P. 34. If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step. If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Fed. R. Civ. P. 26(b), 34(a)(1). Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends. Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not demonstrated that he sought the requested discovery from Defendants through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production of the documents purportedly not produced by Defendants. Therefore, Plaintiff's motion for the issuance of subpoenas duces tecum is HEREBY DENIED as premature, without prejudice to renewal.

IT IS SO ORDERED.

Dated:   **April 29, 2014**                    /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] As Plaintiff lacks entitlement to a subpoena duces tecum and there is no prejudice to Defendants, the Court finds a response unnecessary. Local Rule 230(*l*).

2