UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-00749-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR STAY OF TRANSFER DUE TO PENDING CASE (ECF No. 171)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2009. At the present time, the final pleadings have not been settled.

On September 29, 2014, Plaintiff filed the instant motion requesting the Court's intervention to stay any transfer of Plaintiff out of Valley State Prison until completion or resolution of this action. Plaintiff indicates that he recently received notice of a possible prison transfer. Plaintiff therefore requests that the Court intervene to stay any transfer until completion or resolution of this case so that his inmate assistant, Henry C. Navarro, may continue to help him in this action. (ECF No. 171, p. 5.)

Plaintiff explains that Inmate Navarro has been assisting him in this action since September 6, 2013. Plaintiff has visual deficiencies that restrict his exposure to bright light and limit his ability to sit before a computer and conduct research. As such, Inmate Navarro, who is an Americans with Disabilities caregiver, has been conducting all of the research by computer. In fact, Plaintiff and

1

1  Inmate Navarro have been scheduled together by the institution for Preferred Legal Use of the law
2  library.  Plaintiff depends upon Inmate Navarro to process this action and contends that a transfer
3  would interfere with his access to the courts.  (ECF No. 171.)  The Court construes Plaintiff's request
4  for a stay of his transfer as one for preliminary injunctive relief.

5       "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v.
6  Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).
7  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,
8  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of
9  equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).
10 An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at
11 22 (citation omitted).

12      Federal courts are courts of limited jurisdiction and in considering a request for preliminary
13 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it
14 an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S.Ct. 1660,
15 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
16 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
17 controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 101-02.

18      The events at issue in this action occurred while Plaintiff was housed at the California
19 Substance Abuse Treatment Facility.  Plaintiff is now housed at Valley State Prison, and the order
20 sought from the Court is aimed at maintaining the status quo at that prison.  Despite the difficulties
21 presented by Plaintiff's potential transfer and the inability to rely on the assistance of Inmate Navarro
22 after any such transfer, the case or controversy requirement cannot be met in light of the fact that the
23 issue Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at the
24 California Substance Abuse Treatment Facility giving rise to this suit.  Lyons, 461 U.S. at 102; 18
25 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 555 U.S. 488, 492-93,129 S.Ct. 1142,
26 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).
27 Because the case-or-controversy requirement cannot be met, the pendency of this action provides no
28 basis upon which to award Plaintiff injunctive relief.  Lyons, 461 U.S. at 102.  The only relief

available to Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional rights while housed at the California Substance Abuse Treatment Facility.

Additionally, Plaintiff may not obtain injunctive relief against prison officials who are not parties to this action, namely officials at Valley State Prison. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1985).

As a final matter, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to remain at a particular correctional facility. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45, 103 S.Ct. 1741 (1983). Therefore, Plaintiff may not use a motion for stay or preliminary injunction to prevent a prison transfer or to choose his place of confinement.

For these reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a stay of his possible transfer from Valley State Prison pending resolution of this action be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 22, 2015**                    /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE