# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF at CSATF, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:09-cv-00749-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT GARCIA'S MOTION FOR CERTIFICATION OF JUDGMENT<br><br>(ECF No. 168)<br><br>FOURTEEN-DAY DEADLINE |

## I. Procedural History

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2009. On August 21, 2012, Plaintiff, through then-appointed voluntary counsel, filed a second amended complaint. (ECF Nos. 18, 31, 33.)

Following service of the second amended complaint, on May 30, 2013, Defendant Garcia filed a motion to dismiss without leave to amend. (ECF No. 52.) On August 2, 2013, Defendant Garcia filed an amended motion to dismiss, along with a request for judicial notice. (ECF No. 67.)

On December 10, 2013, the Court partially granted a motion to dismiss filed by Defendants Diaz, Bhatt and Nguyen. Specifically, the Court dismissed Defendant Diaz from this action, along with Plaintiff's state law causes of action for negligence, medical malpractice,

negligent infliction of emotional distress and violation of the Unruh Civil Rights Act.  The Court also dismissed (1) Plaintiff's claims against Defendant Nguyen regarding events occurring in 2000 as barred by the statute of limitations, (2) Plaintiff's claims against Defendant Wu regarding events occurring prior to April 23, 2005, as barred by the statute of limitations, and (6) Plaintiff's claims against Defendant Bhatt as barred by the statute of limitations.  (ECF No. 96.)

On May 19, 2014, the Court granted Defendant Garcia's amended motion to dismiss.  The claims against Defendant Garcia were dismissed from this action and judgment was entered in Defendant Garcia's favor.  (ECF Nos. 148, 149.)

On July 9, 2014, Plaintiff lodged a third amended complaint.  (ECF No. 158.)  On July 16, 2014, Plaintiff filed a notice of errata, which identified several typographical errors in the third amended complaint.  (ECF No. 159.)  Defendants Jeffreys, McGuinness, Nguyen and Wu filed a statement of non-opposition to the filing of a third amended complaint.  (ECF No. 160.)  On July 21, 2014, the Court granted Plaintiff leave to file a third amended complaint, but because of the notice of errata, required Plaintiff to re-file the complaint as a complete document.  (ECF No. 162.)  On August 14, 2014, Plaintiff re-filed his third amended complaint.  (ECF No. 165.)

On September 5, 2014, Defendant Garcia filed the instant motion for certification of the judgment in his favor as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).  (ECF Nos. 168, 169.)  On September 17, 2014, Plaintiff filed a statement of non-opposition to the motion.  (ECF No. 170.)  The motion is deemed submitted.  Local Rule 230(l).

**II.     Motion for Certification of Judgment**

Federal Rule of Civil Procedure 54(b) permits the entry of judgment (and thus an appeal), on fewer than all the claims in a multi-claim action.  Spiegel v. Trustees of Tufts College, 843 F.2d 38, 42 (9th Cir. 1988).  At this juncture, the action continues to proceed against five other defendants and therefore a final judgment in favor of Defendant Garcia may only be ordered upon an express determination "that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  However, there exists "a long-settled and prudential policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)] should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or litigants."  Spiegel, 843 F.2d at 42) (citations

omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

Defendant Garcia contends that he should not be put to the expense of monitoring this matter, which no longer concerns him, and potentially face an appeal filed years in the future. Defendant Garcia further contends that there is no good reason why the pending case should continue to adversely affect him (e.g., negative credit reporting of pending suits) and no good reason why he should incur the expense of monitoring it. (ECF No. 168.)

In his statement of non-opposition, Plaintiff agrees with Defendant Garcia's argument and reasoning. Plaintiff also agrees with the Court's order dismissing his claims against Defendant Garcia as time barred. Indeed, Plaintiff asserts that he "has no further issue against Jeffrey Garcia, and has no plans on reviving any further action against him." (ECF No. 170, p. 2.) Additionally, Plaintiff agrees that there is no good reason why the case should continue to adversely affect Defendant Garcia.

Here, the Court determined that Plaintiff's claims in his second amended complaint asserted against Defendant Garcia, an optometrist, were barred by the statute of limitations. (ECF No. 148.) Plaintiff's current complaint, his third amended filed on August 14, 2014, did not name Defendant Garcia, did not include any allegations against Defendant Garcia and did not include any specific factual allegations concerning events outside the relevant statute of limitations period. Thus, the facts previously asserted against Defendant Garcia are distinct and separable from those underlying Plaintiff's current claims. Therefore, on any appeal of the claims against Defendant Garcia, the appellate court will not be required to address legal or factual issues that are similar to those contained in the claims currently pending before this court. Further, appellate review of the claims against Defendant Garcia will not be mooted by any future developments in this action. Additionally, Plaintiff's assertions suggest that he does not intend to pursue any further action against Defendant Garcia.

Based on the lack of opposition, and finding no just reason for delay, IT IS HEREBY RECOMMENDED that:

1. Defendant Garcia's motion for certification of judgment be GRANTED; and
2. Final judgment be entered in this action in favor of Defendant Garcia.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2015**              /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE