# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDICAL STAFF at CSATF, *et al.,*<br><br>　　　　Defendants. | 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)<br><br>(ECF No. 187)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED FIFTH AMENDED COMPLAINT |

### I.　Introduction

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner, currently proceeding *pro se* and *in forma pauperis*, in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on April 28, 2009. (ECF No. 1.) Plaintiff alleges deliberate indifference to serious medical needs in violation of the Eighth Amendment.

### II.　Procedural Background

Given the lengthy procedural history of this case, the Court will recount only that which is relevant to the instant motion. On May 26, 2015, the Court screened Plaintiff's third amended

1

complaint. The Court directed Plaintiff to either file a fourth amended complaint or notify the Court that he did not wish to file an amended complaint and he was willing to proceed only on the claims found cognizable against Defendants McGuinness, Jimenez, and Jeffreys for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 174.)

On July 20, 2015, Plaintiff filed his fourth amended complaint. (ECF No. 183.) On July 23, 2015, the Defendants filed a request for the Court to screen Plaintiff's fourth amended complaint. (ECF No. 185.) On May 2, 2016, before the Court could screen Plaintiff's fourth amended complaint, Plaintiff filed the instant motion for leave to amend pursuant to Federal Rule of Civil Procedure 15(a)(2), and lodged a fifth amended complaint. (ECF Nos. 187, 188.) As of the date of this order, Defendants have not opposed the motion.

Under Rule 15(a)(1) of the Federal Rules Civil Procedure, a party may amend its pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the opposing party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Id.* The factor of "[u]ndue delay by itself… is insufficient to justify denying a motion to amend." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)).

///

///

**III.    Discussion**

Plaintiff's motion seeks to make the following amendments to his complaint: (1) expressly identify the Doe defendant named in the fourth amended complaint, namely Frank Williams; (2) correct Plaintiff's inadvertent omission of his name and the case number from the front page of the fourth amended complaint; and (3) correct the omission regarding the link between Defendant Nguyen's actions and the harm Plaintiff claims to have suffered. (ECF No. 187.)

The Court has reviewed the proposed amended complaint and finds that leave to amend should be granted. In considering the relevant factors, the Court finds no indication that the amendment will result in prejudice to Defendants currently appearing in this action. Defendants, by failing to oppose the motion, have waived any argument regarding prejudice. Moreover, the proposed amendment does not change the nature of Plaintiff's underlying action against Defendants.

The Court also finds no indication that the amendment is sought in bad faith or will unduly delay these proceedings. Any potential delay resulting from amendment is not attributable to dilatory conduct by Plaintiff in these proceedings. The Court had yet to screen Plaintiff's fourth amended complaint when he filed the instant motion, and the Defendants have voiced no objections to his motion or his proposed amended complaint.

Finally, Plaintiff's proposed amendments do not appear wholly futile. Significantly, the Court intends to screen the amended complaint pursuant to 28 U.S.C. § 1915A(a). The Court will dismiss any portion of Plaintiff's amended complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

///

**IV.     Conclusion and Order**

Based on the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for leave to file an amended complaint, filed on May 2, 2016, is GRANTED;

2. The Clerk of the Court is DIRECTED to file the Fifth Amended Complaint, lodged on May 2, 2016 (ECF No. 188);

3. After filing, the Court will screen the Fifth Amended Complaint in due course; and

4. Defendants' request for screening of Plaintiff's fourth amended complaint is DENIED as moot.

IT IS SO ORDERED.

   Dated:   **November 22, 2016**                    /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE