**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE, | Case No.: 1:09-cv-00749-DAD-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL |
| v. | (ECF No. 197) |
| MEDICAL STAFF at CSATF, et al., | |
| Defendants. | |

## I.    Background

Plaintiff Anthony Craig Huckabee ("Plaintiff"), a state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 28, 2009.  On January 10, 2017, the undersigned screened Plaintiff's fifth amended complaint, filed on May 2, 2016, and recommended that this case proceed on Plaintiff's claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Wu, McGuiness, Enenmoh, Jeffreys, and Jimenez.  Those findings and recommendations are before the District Judge for further consideration.

On July 26, 2013, the Court granted appointed counsel's motion to withdraw and substituted Plaintiff in pro se.  (ECF No. 64.)  On August 14, 2013, Plaintiff filed a renewed motion for the appointment of counsel.  (ECF No. 73.)  On August 20, 2013, the Court denied the renewed request for appointment of counsel, finding that the matter did not present exceptional circumstances and that Plaintiff had been able to articulate his position in various filings.  (ECF No. 74.)

1

On January 16, 2014, Plaintiff filed a renewed motion requesting the appointment of counsel. (ECF No. 114.)  On March 24, 2014, the Court denied the renewed request for appointment of counsel, again finding that the matter did not present exceptional circumstances and that Plaintiff had been able to articulate his position in various filings.  (ECF No. 128.)

On April 3, 2017, Plaintiff filed the instant motion requesting the appointment of counsel. (ECF No. 197.)

**II.     Legal Standard**

As Plaintiff was previously informed, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), reversed  in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

**III.     Discussion**

Plaintiff requests the appointment of counsel to assist him in conducting research and performing other unspecified legal matters.  In support of his request, Plaintiff contends that this is a complicated case, that he has been found to have cognizable federal claims, and that due to his visual limitations he is unable to proceed on his own.

The Court has considered Plaintiff's third motion for the appointment of counsel, but again does not find the required exceptional circumstances.  As previously indicated, this Court is faced with similar cases involving claims of deliberate indifference to serious medical needs filed by prisoners proceeding in forma pauperis and suffering various medical conditions almost daily.  These prisoners

also must conduct legal research and prosecute medical claims without the assistance of counsel. Plaintiff has provided no new considerations or changed circumstances indicating that he is unable to proceed in this matter without the assistance of counsel.

Plaintiff's assertions regarding the limitations imposed by his medical conditions also have been taken into consideration. Although Plaintiff believes that he has been unable to articulate the merits of his case, the record indicates that Plaintiff has submitted documents to the Court for consideration without the assistance of counsel or another inmate. (ECF Nos. 30, 59, 69, 70, 71, 73, 76, 120, 181, 190, 191, and 197.) These submissions demonstrate that Plaintiff is able to prepare and file documents that clearly set forth his contentions without any assistance. Thus, based on the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Plaintiff notes that this Court has found he stated cognizable federal claims of deliberate indifference, (ECF No. 197, p. 3), but this is not equivalent to a determination that he is likely to succeed on the merits. Although the Court has determined Plaintiff has stated some claims which may proceed in litigation, it has not determined that those claim have a likelihood of being ultimately successful.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice. Plaintiff again is reminded that, as necessary and appropriate, he may seek extensions of time for relevant case deadlines. Fed. R. Civ. P. 6(b)(1).

IT IS SO ORDERED.

Dated:   **April 6, 2017**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

3