UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>Defendants. | No. 1:09-cv-00749 DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. No. 195) |

Plaintiff Anthony Craig Huckabee, a state prisoner, proceeds *pro se* and *in forma pauperis* in this civil rights action filed on April 28, 2009. (Doc. Nos. 1, 6.)

On January 10, 2017, the assigned magistrate judge granted defendants' request for screening of plaintiff's fifth amended complaint and issued findings and recommendations recommending that this action proceed on plaintiff's claim alleged in his fifth amended complaint for deliberate indifference to serious medical needs in violation of the Eighth Amendment against defendants Wu, McGuiness, Enenmoh, Jeffreys, and Jimenez in their individual capacities and that all other claims and defendants be dismissed from this action. (Doc. No. 195.) Those findings and recommendations were served on plaintiff and all defendants appearing in this action and contained notice that any objections thereto were to be filed within fourteen (14) days after service of the findings and recommendations. (*Id.* at 16.) Plaintiff filed timely objections to the findings and recommendations on February 9, 2017. (Doc. No. 10.)

1

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), the undersigned has conducted a *de novo* review of the case, including plaintiff's objections. Plaintiff's primary objection to the pending findings and recommendations is the magistrate judge's conclusion that plaintiff has failed to state a claim against defendant Dr. Nguyen for deliberate indifference to his serious medical need based on Dr. Nguyen's alleged refusal to refer plaintiff to an ophthalmologist. Plaintiff argues that, given all of the information provided in his file, in the report from a contract optometrist, and plaintiff's statements regarding his vision, pain, and fear of going blind, Dr. Nguyen must have been deliberately indifferent in not referring him to an ophthalmologist. (Doc. No. 10 at 2.)

As noted in the pending findings and recommendations, Dr. Nguyen's alleged refusal to refer plaintiff to an ophthalmologist based on the optometrist's recommendation and instead renew plaintiff's glaucoma medications amounts to nothing more than a disagreement between medical providers regarding the appropriate course of treatment and is not sufficient to support a claim for deliberate indifference to serious medical needs. "A difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled in part on other grounds in Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff also objects to the magistrate judge's determination that the allegations of plaintiff's fifth amended complaint failed to link Dr. Nguyen to plaintiff's failure to receive his renewed medication. Plaintiff contends that magistrate judge recognized that a primary care physician, such as Dr. Nguyen, is charged by the relevant regulations with following up with a patient's treatment, including the renewal and dispensing of medications. (Doc. No. 196 at 3; Doc. No. 195 at 14.) Having reviewed plaintiff's objections and the allegations of his fifth amended complaint, the undersigned agrees that plaintiff failed to allege sufficient facts to support a claim that Dr. Nguyen was responsible for the renewal and dispensing of medications

pursuant to regulation. The relevant portion of the findings and recommendations reflect plaintiff's allegations that Dr. Nguyen agreed to renew plaintiff's medications and a primary care provider is responsible for following up with the inmate-patient until a specialist appointment occurs. (Doc. No. 195 at 13, 14; Doc. No. 193 at 24, ¶ 41.) Moreover, in his fifth amended complaint plaintiff alleged that Dr. Nguyen was to "deliver medically necessary heath care services" and "treat the identified medical condition with quality medical care." (Doc. No. 193 at 25, ¶ 54.) As found by the magistrate judge, plaintiff's fifth amended complaint failed to include factual allegations linking Dr. Nguyen to the alleged failure to renew plaintiff's medications. As recommended by the assigned magistrate judge, plaintiff's claim against Dr. Nguyen will be dismissed from this action.

In his objections, plaintiff also challenges the recommendation of the magistrate judge that his claims of emotional distress and those brought under the continuing violations doctrine be dismissed. Plaintiff represents that he is not seeking to present state law claims or to extend the time to include new defendants in this action. Rather, plaintiff asserts that he was merely using these purported claims "to illustrate the pain, anguish and distress caused plaintiff by these defendants over the last 17 years. And to show that the defendants listed, violated plaintiff beyond the time frame set by this court." (Doc. No. 196 at 3.) In this regard, plaintiff's objections provide no basis upon which the undersigned could disagree with the findings and recommendations.

For all of the reasons set forth above:

1. The findings and recommendations (Doc. No. 195) issued on January 10, 2017, are adopted in full;

2. This action shall proceed on plaintiff's claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment brought against defendants Wu, McGuiness, Enenmoh, Jeffreys, and Jimenez as alleged in his fifth amended complaint (Doc. No. 193);

3. All other claims and defendants are dismissed from this action based on plaintiff's failure to state claims upon which relief may be granted; and

/////

4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **April 17, 2017**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE