# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>　　　　　　Defendants. | Case No. 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND<br><br>(ECF No. 231) |

　　　　Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fifth amended complaint against Defendants Wu, McGuinness, Enenmoh, Jeffreys, and Jimenez in their individual capacities for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF Nos. 195, 199.)

　　　　On September 11, 2017, Plaintiff lodged a sixth amended complaint without filing a motion seeking leave to amend. (ECF No. 228); Fed. R. Civ. P. 7(b), 16(b)(4). On September 15, 2017, the Court issued an order requiring Plaintiff to file a motion seeking leave to amend within thirty days. (ECF No. 229.) Plaintiff filed a motion to amend on September 25, 2017. (ECF No. 231.) Defendants Enenmoh, Jeffreys, Jimenez, and Wu filed an opposition on October 17, 2017, (ECF No. 232), and Plaintiff filed a "traverse" in reply on October 26, 2017, (ECF No. 234). Defendant McGuinness did not file a response, and the deadline to file a response has

1

expired. The motion is deemed submitted. Local Rule 230(l).

Plaintiff asserts in his motion that good cause exists for the filing of his sixth amended complaint because the Court's Discovery and Scheduling Order of June 16, 2017, (ECF No. 216), states that the deadline for amending the pleadings is December 16, 2017. Plaintiff states that he timely lodged his sixth amended complaint, but inadvertently did not include the motion seeking leave to amend. Plaintiff therefore requests review pursuant to Federal Rule of Civil Procedure 60(b)[1] and an order directing Defendants to file an answer. (ECF No. 231.)

Defendants Enenmoh, Jimenez, Wu, and Jeffreys oppose the motion, arguing that Plaintiff has failed to articulate any good cause to justify the proposed amendment and Plaintiff's proposed sixth amended complaint is an attempt to resurrect claims and defendants already dismissed from this case. (ECF No. 232.) Defendants argue that the proposed sixth amended complaint disregards the Court's previous findings and screening orders, and suffers from many of the same defects as Plaintiff's prior complaints. Defendants argue that permitting the amendment will result in delay and prejudice to Defendants, and given Plaintiff's refusal to comply with guidance from the Court regarding the applicable legal standards, the proposed amendment is futile. (Id.)

**I.     Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).

However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. These factors do not carry equal weight. Prejudice is the most important factor to consider. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

---

[1] To the extent Plaintiff requests reconsideration pursuant to Rule 60(b) related to his inadvertent omission of his motion for leave to amend, the request is denied as moot pursuant to the filing of the instant motion.

2

**II.     Discussion**

Plaintiff initiated this action in 2009. Since that time, Plaintiff has filed five amended complaints, and the Court has issued four screening orders setting forth the applicable legal standards for stating a claim pursuant to 42 U.S.C. § 1983. (ECF Nos. 12, 19, 174, 195.) More than twenty-one days have passed since Defendants filed responsive pleadings or motions to dismiss the fifth amended complaint.

In this case, given Plaintiff's pro se status and his reliance on the Court's Discovery and Scheduling Order, the Court declines to find bad faith. However, the Court finds significant prejudice, undue delay, and futility here that warrant the denial of Plaintiff's motion for leave to amend. Plaintiff seeks to revive claims and defendants previously dismissed by the Court, and as such, further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1113, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") The Court will not expend additional resources screening and requiring Defendants to answer an amended complaint that does little to cure the deficiencies identified by numerous prior screening orders.

**III.     Conclusion and Order**

Accordingly, Plaintiff's motion for leave to amend his complaint, (ECF No. 231), is DENIED.

IT IS SO ORDERED.

Dated:   **November 6, 2017**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE