# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>          Plaintiff,<br><br>    v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>          Defendants. | Case No. 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER NUNC PRO TUNC<br>(ECF No. 230)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' REQUEST TO STAY DISCOVERY AND ALL DEADLINES IN THE COURT'S DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 233)<br><br>Exhaustion Motion Filing Deadline: **December 8, 2017**<br>Deadline to Amend Pleadings: **December 16, 2017**<br>Discovery Deadline: **April 8, 2018**<br>Dispositive Motion Deadline: **June 8, 2018** |

      Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fifth amended complaint against Defendants Wu, McGuinness, Enenmoh, Jeffreys, and Jimenez in their individual capacities for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF Nos. 195, 199.)

///

1

**I.     Background**

On September 11, 2017, Plaintiff lodged a sixth amended complaint, and on September 25, 2017 filed a motion for leave to amend. (ECF Nos. 228, 231.) The Court denied the motion on November 7, 2017. (ECF No. 235.)

During the pendency of Plaintiff's motion, Defendants filed a motion to modify the discovery and scheduling order, requesting a thirty-day extension of time to file an exhaustion motion. (ECF No. 230.) Plaintiff did not file a response or opposition, and the deadline to file a response has expired.

Defendants also filed a request to stay discovery and all deadlines in the Court's discovery and scheduling order pending resolution of Plaintiff's motion to amend. (ECF No. 233.) Plaintiff has not yet filed a response, but the Court finds a response unnecessary. Defendants' motions are deemed submitted. Local Rule 230(l).

**II.    Legal Standard**

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

**III.   Discussion**

In the instant motions, Defendants argue that Plaintiff's fifth amended complaint added two new Defendants to this lawsuit, and an extension of thirty days is required to conduct additional discovery and evaluate an exhaustion defense on behalf of Defendants Enenmoh and Jimenez, and to file an exhaustion motion on behalf of Defendants Enenmoh, Jimenez, and Wu. Defendants assert that good cause exists because these Defendants are all represented by the same counsel, and a single motion for summary judgment can be filed, potentially narrowing the claims and Defendants at issue or resolving the lawsuit in its entirety. (ECF No. 230.)

///

2

Defendants further argue that a stay of discovery and all outstanding deadlines pending resolution of Plaintiff's motion to amend is appropriate. Defendants assert that if the Court grants Plaintiff's motion to amend, any work completed in response to Plaintiff's pending discovery requests, defensive discovery, or drafting of motions will be rendered moot. If the motion is denied, Defendants request forty-five days from the date of an order adopting findings and recommendations to respond to Plaintiff's discovery requests, and that the Court reset the currently scheduled deadlines. (ECF No. 233.)

Having considered Defendants' moving papers, the Court finds good cause for the brief continuance of the deadlines in this action. Defendants have been diligent in completing discovery and working on the dispositive motion, but the relevant deadline could not be met in light of the addition of defendants to the fifth amended complaint and Plaintiff's recently resolved motion to amend. The brief continuance will not result in measurable prejudice to Plaintiff in a matter that has been pending since 2009. As the Court has deny Plaintiff's motion to amend, a stay of discovery is no longer necessary, and shall be denied as moot.

### IV. Conclusion and Order

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to modify the discovery and scheduling order (ECF No. 230) is GRANTED NUNC PRO TUNC;
2. Defendants' request to stay discovery and all deadlines in the Court's discovery and scheduling order (ECF No. 233) is GRANTED IN PART and DENIED IN PART as discussed above;
3. Defendants' responses to the discovery requests served with Plaintiff's motion to amend (ECF No. 231) shall be due on or before **December 29, 2017**;
4. The deadline for amending the pleadings remains the same. All stipulated amendments or motions to amend shall be filed by **December 16, 2017**;
5. The deadline for filing motions for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies is extended to **December 8, 2017**;

3

6. The deadline for the completion of all discovery, including filing all motions to compel discovery, is extended to **April 8, 2018**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. Therefore, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadline to permit time for a response and time to prepare and file a motion to compel.

7. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is **June 8, 2018**.

8. A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated: **November 16, 2017**      /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE