# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF AT CSATF, et al,<br><br>Defendants. | Case No. 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR STAY OF NON-EXHAUSTION DISCOVERY<br><br>(ECF Nos. 254, 255) |

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fifth amended complaint against Defendants Wu, McGuinness, Enenmoh, Jeffreys, and Jimenez in their individual capacities for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On December 29, 2017, Defendants Enenmoh, Jimenez, and Wu filed a motion seeking a stay of all non-exhaustion related discovery pending resolution of their motion for summary judgment on the issue of exhaustion. (ECF No. 254.) That motion was joined by Defendant McGuinness. (ECF No. 255.) In support, Defendants argue that: (1) the pending motion for summary judgment will potentially dispose of the entire case; (2) the Court does not require additional information to decide the motion; and (3) the expenditure of resources required to respond to discovery requests will be needless if the Court grants Defendants' motion for

1

summary judgment. (ECF No. 254.) The Court finds a response unnecessary and the motion is deemed submitted pursuant to Local Rule 230(l).

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708. The Court finds that Defendants have met the burden of showing good cause to stay all non-exhaustion related discovery in this case. As Defendants argue, proceeding with discovery that is not related to their potentially dispositive motion will result in unnecessary motion practice, litigation costs, and a waste of judicial resources. If Defendants' motion does not resolve this case, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery, since the current discovery deadline is three months away under the current scheduling order, on April 8, 2018. (ECF No. 236.)

For these reasons, Defendants' motion to stay all non-exhaustion related discovery pending the disposition of their motion for summary judgment under Federal Rule of Civil Procedure 56 for failure to exhaust administrative remedies, (ECF No. 254), is HEREBY GRANTED.

IT IS SO ORDERED.

Dated: **January 3, 2018**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE