# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>  Plaintiff,<br><br> v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>  Defendants. | Case No. 1:09-cv-00749-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT JEFFREYS' MOTION TO DISMISS<br><br>(ECF No. 218)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.  Introduction**

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On January 10, 2017, the undersigned issued findings and recommendations that this action proceed on Plaintiff's fifth amended complaint against Defendants Wu, McGuinness, Enenmoh, Jeffreys, and Jimenez for deliberate indifference to serious medical needs in violation of the Eighth Amendment, but all other claims and Defendants be dismissed for the failure to state a claim upon which relief may be granted. (ECF No. 195.) Those findings and recommendations were adopted in full by the assigned District Judge on April 18, 2017. (ECF No. 199.)

On June 19, 2017, Defendant Jeffreys filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). By this motion, Defendant Jeffreys seeks to dismiss Plaintiff's Eighth

Amendment deliberate indifference claim against Defendant Jeffreys and dismiss Defendant Jeffreys from this action on the ground that Plaintiff fails to state a claim against Defendant Jeffreys upon which relief can be granted. (ECF No. 218, 219.) On July 12, 2017, Plaintiff opposed the motion. (ECF No. 224.) No reply was filed, and the deadline to file a reply has expired. The motion is deemed submitted. Local Rule 230(l).

For the reasons discussed below, the Court recommends that Defendant Jeffreys' motion to dismiss be granted.

**II.     Summary of Relevant Allegations in the Fifth Amended Complaint**

Plaintiff is currently a state prisoner housed at Correctional Training Facility in Soledad, California. At the time of the events alleged in the complaint, Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.

Plaintiff alleges that he was housed at CSATF from 2000 to 2012. While there, he was diagnosed with Open Angle Glaucoma ("OAG") and placed on a treatment program. Plaintiff asserts that OAG is a serious medical condition that, if left undiagnosed and treated, would lead to blindness. Plaintiff further alleges that none of the Defendants are eye specialists or equipped to handle Plaintiff's OAG, so they repeatedly required and requested services from eye specialists. Defendants allegedly denied or delayed the necessary treatment for Plaintiff on a regular basis, without consulting specialists or documenting the reasons for their alleged deviations from standard procedure.

To treat his OAG, Plaintiff was prescribed the medication Timilol, in various strengths. On May 23, 2005, Plaintiff requested renewal of his Glaucoma medication, which was scheduled to expire on June 7, 2005. Plaintiff again requested renewal on June 8 and July 12, 2005, but the medication was not renewed until August 2005.

On June 28, 2005, Plaintiff spoke with Defendant Jeffreys and conveyed his concern about going so long without his Glaucoma medication. Plaintiff informed Defendant Jeffreys that he suffered from increased pressure in his left eye and feared going blind. Defendant Jeffreys told Plaintiff to bring his medical request to the clinic window and he would personally take care of the prescription refill. The next day, Plaintiff followed Defendant Jeffrey's instructions, but

the medication was not refilled.

   **III.    Defendant Jeffreys' Motion to Dismiss**

   **A. Legal Standard**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quotation marks and citations omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996–97 (9th Cir. 2006); Morales v. City of L.A., 214 F.3d 1151, 1153 (9th Cir. 2000). Further, prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

   **B. Deliberate Indifference in Violation of the Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

///

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was a "purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096. The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

### C. Parties' Positions

Defendant Jeffreys argues that Plaintiff has not alleged facts sufficient to support a cognizable claim against him for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Defendant Jeffreys contends that, even assuming that Plaintiff placed him on notice of a serious medical need when they spoke on June 28, 2005, Plaintiff nonetheless failed to plead facts sufficient to conclude that Defendant Jeffreys purposefully or intentionally failed to respond to that need. Defendant Jeffreys notes that Plaintiff's prescription for Timilol had already expired when they spoke, and without a valid physician's order, Defendant Jeffreys, as a Registered Nurse, could not have renewed or refilled the prescription. Defendant Jeffreys further argues that Plaintiff has failed to allege that Defendant Jeffreys was at the clinic window when Plaintiff delivered his refill request, or that Defendant was otherwise aware that Plaintiff had done so.

In his opposition, Plaintiff argues that the motion to dismiss is without merit, and sets forth various authorities regarding the applicable pleading standards. Plaintiff argues that Federal Rule of Civil Procedure 8 requires no more than a short, plain, summary of facts to give fair notice of the claim asserted. Plaintiff further argues that pro se litigants are held to a less stringent standard than that of an attorney, and prisoners should have no need to jump through procedural hoops in order to protect federally created rights.

///

///

**D. Discussion**

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

The Court notes that all of the authorities relied upon by Plaintiff predate the Supreme Court's rulings in Iqbal and Twombly. While the Court is mindful that Plaintiff's allegations must be liberally construed, Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court will neither "supply essential elements of the claim that were not initially pled," Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014), nor "indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009).

Plaintiff has failed to plead facts, in the complaint or in opposition to the motion to dismiss, that would demonstrate Defendant Jeffreys' purposeful act or failure to act in response to Plaintiff's medical need. As noted above, Plaintiff does not allege that Defendant Jeffreys was present at the clinic or at the clinic window when Plaintiff submitted his refill request, nor does Plaintiff allege that Defendant Jeffreys was aware that Plaintiff had complied with his instructions to submit the refill request to the clinic window. Even liberally construed, Plaintiff's allegations fail to state a claim for deliberate indifference to serious medical needs against Defendant

Jeffreys.

### IV. Conclusion and Recommendation

The Court finds that Plaintiff's fifth amended complaint fails to state a claim for deliberate indifference to a serious medical need against Defendant Jeffreys. Despite being provided with the relevant pleading and legal standards and granted leave to amend multiple times, Plaintiff has been unable to cure the deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that Defendant Jeffreys' motion to dismiss (ECF No. 218) be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 30, 2018**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE