UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>Defendants. | No. 1:09-cv-00749-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING STAY OF NON-EXHAUSTION RECOVERY<br><br>(Doc. No. 259) |

Plaintiff Anthony Craig Huckabee is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 15, 2017, defendants Enenmoh, Jeffreys, Jimenez, and Wu filed a motion for summary judgment, on the last day for doing so under the court's prior order, arguing that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required. (Doc. Nos. 236, 250.) Defendant McGuiness filed a joinder in the motion on December 18, 2017, the next business day. (Doc. No. 251.) On December 29, 2017, defendants Enenmoh, Jimenez, and Wu filed a motion seeking a stay of all non-exhaustion related discovery pending resolution of their motion for summary judgment on exhaustion grounds. (Doc. No. 254.) That motion was

1

also joined by defendant McGuiness. (Doc No. 255.) Plaintiff filed an opposition to defendant McGuiness's joinder in the motion for summary judgment on January 2, 2018[1] (Doc. No. 256), and an opposition to the motion for summary judgment on January 3, 2018. (Doc. No. 258.) On January 3, 2018, the assigned magistrate judge granted defendants' motion to stay non-exhaustion discovery. (Doc. No. 257.) Defendants' motion for summary judgment remains pending before the assigned magistrate judge.

On January 11, 2018, plaintiff filed objections to the magistrate judge's January 3, 2018 order staying non-exhaustion related discovery. (Doc. No. 259.) The court construes plaintiff's motion as a motion to modify or set aside a magistrate judge's non-dispositive order pursuant to Federal Rule of Civil Procedure 72(a). The court reviews such motions under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (non-dispositive pretrial orders are reviewed for clear error under Rule 72(a)); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (finding that motions to stay in civil proceedings are non-dispositive if they do not dispose of claims or defenses and do not effectively deny the opposing party the relief sought). A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1110–11 (E.D. Cal. 2011) (citing *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)).

Turning to the pending motion, plaintiff primarily contends that defendants had a year to review plaintiff's prison administrative appeals and that their motion fails to adequately explain

---

[1] Although plaintiff's opposition was docketed as in response to defendant McGuiness's later-filed joinder in the motion to stay (Doc. No. 255), it appears that plaintiff's response was filed in opposition to defendant McGuiness's joinder in the motion for summary judgment. (Doc. No. 251.)

why they have waited until the last minute to request additional time to review plaintiff's central file. (Doc. No. 259.) However, it appears that plaintiff has misconstrued the assigned magistrate judge's order granting defendants' request for a stay of non-exhaustion discovery. Defendants are not seeking, nor have they been granted, additional time to review plaintiff's central file or his prison administrative appeals in connection with the pending motion for summary judgment. Rather, the assigned magistrate judge found that defendants have demonstrated good cause to stay all discovery not related to the issue of exhaustion. (*See* Doc. No. 257 at 2.) The court finds no error in that decision. Defendants' motion for summary judgment may dispose of the entire case, and a modest delay in proceeding with non-exhaustion related discovery could therefore prevent the unnecessary expenditure of resources. Contrary to plaintiff's contention, the court does not find that granting of the stay is fundamentally unfair to him in any way.

Because plaintiff has failed to demonstrate that any part of the magistrate judge's order was clearly erroneous or contrary to law, his motion for reconsideration (Doc. No. 259) is denied.

IT IS SO ORDERED.

Dated: **March 19, 2018**

UNITED STATES DISTRICT JUDGE

3