# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL STAFF AT CSATF, et al.,<br><br>Defendants. | Case No. 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS WU AND JIMENEZ'S MOTION TO MODIFY SCHEDULING ORDER<br><br>(ECF No. 278)<br><br>**Dispositive Motion Deadline: April 22, 2019** |

Plaintiff Anthony Craig Huckabee ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's fifth amended complaint against Defendants Wu, Jimenez, and McGuinness for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff's claims are against: (1) Defendant Wu for reducing the strength of Plaintiff's prescription eye drops on December 21, 2004; (2) Defendant Jimenez for assuring Plaintiff that he would personally handle Plaintiff's refill request for his eye drops on July 12, 14, and 18, 2005, but the medication was not refilled; and (3) Defendant McGuinness, who was aware of the delay in Plaintiff's glaucoma medication in May 2005 and February 2006. (ECF Nos. 272, 274.)

On October 24, 2018, the Court issued an order resetting the remaining discovery and dispositive motion deadlines. Pursuant to that order, the dispositive motion deadline was set for

1

March 22, 2019.

On March 22, 2019, Defendants Wu and Jimenez filed the instant motion to modify the Court's discovery and scheduling order to extend the time for them to file a motion for summary judgment.[1]  (ECF No. 278.)  The Court finds a response unnecessary and the motion is deemed submitted.[2]  Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was not diligent, the inquiry should end.  Id.

Defendants Wu and Jimenez state that they have been diligent in their defense of this action, narrowing the claims and defenses at issue through various motions to dismiss, as well as a motion for summary judgment for failure to exhaust administrative remedies.  In keeping with the Court's October 24, 2019 discovery and scheduling order, Defendants deposed Plaintiff on January 16, 2019, in anticipation of timely drafting and filing a motion for summary judgment on the merits of the remaining claims against Defendants Wu and McGuinness.  However, due to the demands of counsel's existing workload, and previously set deadlines in counsel's other assigned cases, counsel has been unable to turn to the task of preparing Defendants' motion for summary judgment by the current deadline.  Thus, the motion is being assigned to another attorney in the Office of the Attorney General, who will need time to review the case file, consult with Defendants Wu and Jimenez, and draft and file the motion.  The attorney reasonably believes he can complete these tasks within sixty days, or on or before May 21, 2019.  (ECF No. 278.)

///

---

[1] The Court notes that Defendant McGuinness, who is represented by separate counsel, timely filed a motion for summary judgment on March 22, 2019, and is not affected by the instant order.  The Court notes that all applicable deadlines with respect to the filing of Plaintiff's opposition to Defendant McGuinness' motion, as well as any reply by Defendant McGuinness, remain unchanged by this order.

[2] Plaintiff will not be prejudiced by the inability to respond.  If the Court grants the motion, it will also extend the deadline for Plaintiff to file a dispositive motion.

| | |
|---|---|
| 1 | Having considered Defendants' moving papers, the Court finds good cause for the continuance of the dispositive motion deadline in this action. However, the Court finds that an extension of thirty days, rather than sixty, is appropriate under the circumstances. While Defendants state they have been diligent in completing discovery and working on the dispositive motion, this does not present good cause for such a lengthy extension. The Court further finds that the brief continuance granted here will not result in measurable prejudice to Plaintiff or to witnesses in a matter that has been pending since 2009.

Based on the foregoing, Defendants Wu and Jimenez's motion to modify the scheduling order, (ECF No. 278), is HEREBY GRANTED IN PART. The dispositive motion deadline, with respect to Defendants Wu, Jimenez, and Plaintiff, is extended to **April 22, 2019**.

IT IS SO ORDERED.

Dated: **March 25, 2019**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE |