UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CRAIG HUCKABEE,<br><br>Plaintiff,<br><br>v.<br><br>DR. MCGUINESS, et al.<br><br>Defendants. | No. 1:09-cv-00749-DAD-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS WU AND JIMENEZ'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 291) |

Plaintiff Anthony Craig Huckabee is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's fifth amended complaint against defendant McGuinness for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 18, 2020, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment (Doc. No. 277)

/////

/////

/////

1

be granted.[1] (Doc. No. 291.) Specifically, the magistrate judge found that the undisputed evidence before the court on summary judgment established that: (1) defendant McGuiness did not treat plaintiff; (2) defendant McGuiness' handling of plaintiff's inmate appeals did not cause any delay in plaintiff receiving his prescribed medication; and (3) defendant McGuiness is not liable as a matter of law for any of the damages claimed by plaintiff based on supervisory liability. (*Id.* at 11–14.) The findings and recommendations contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 14–15.) Following the granting of an extension of time to do so, plaintiff filed objections on March 5, 2020. (*See* Doc. Nos. 295–97.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Plaintiff's objections do not meaningfully dispute the magistrate judge's findings that the undisputed evidence before the court on summary judgment establishes that he cannot assert a cognizable claim for medical indifference against defendant McGuiness. Plaintiff confusingly argues that: (1) defendant McGuiness "has no legal standing for summary judgment"; and (2) defendant McGuiness' credibility is a "determination issue reserved for the jury." (Doc. No. 297 at 1–4.) Plaintiff's objections are not persuasive. A motion for summary judgment pierces the pleadings and puts the opponent to the test of affirmatively coming forward with sufficient evidence for its claims or defenses to create a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Neither in his objections to the pending findings and recommendations nor in his opposition to defendant McGuiness's motion for summary judgment has plaintiff put forth any evidence establishing a disputed issue of material fact or creating a genuine issue for trial. On the other hand, as the pending findings and recommendations note, defendant

---

[1] Defendants Wu and Jimenez filed a separate motion for summary judgment (Doc. No. 284) which the undersigned has granted by adopting a separate set of findings and recommendations issued by the assigned magistrate judge. (*See* Doc. Nos. 288, 293.)

2

McGuiness has carried her burden as the movant on summary judgment of establishing that under the undisputed facts on summary judgment she is entitled to judgment in her favor.

Accordingly,

1. The findings and recommendations issued on February 18, 2020 (Doc. No. 291) are adopted in full;
2. The motion for summary judgment filed on behalf of defendant McGuiness (Doc. No. 277) is granted;
3. Judgment shall be entered in favor of defendant McGuiness and against plaintiff; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 9, 2020**

UNITED STATES DISTRICT JUDGE